CLD-209                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1860
_____

In re: TERRANCE BROWN,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-18-cv-00089)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 17, 2018

Before:  CHAGARES, GREENAWAY, JR., and FUENTES, Circuit Judges

(Opinion filed: May 31, 2018)
_____

OPINION[*]
_____

PER CURIAM

Terrance Brown is a Pennsylvania prisoner proceeding pro se.  On January 8,

2018, he filed a petition for a writ of habeas corpus in the District Court seeking to

challenge an adverse Parole Board decision.  The matter was referred to a Magistrate

Judge, who ordered the government to answer the petition within thirty days.  Brown then

filed an amended petition.  At that time, the government requested an extension of time to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

file its answer. The Magistrate Judge denied the government's request, but nonetheless provided it an additional ninety days—or, until April 22, 2018—to file its answer. The government filed its answer to Brown's petition on April 16, 2018.

Meanwhile, Brown filed in this Court a petition for a writ of mandamus. Brown contends that the Magistrate Judge's order allowing the government an additional ninety days to file its answer unfairly delays adjudication of his case. Brown further contends that the delay will cause him irreparable harm because his next parole hearing is scheduled for May 2018.

We will deny the petition. First, to the extent that Brown asks us to intervene in the District Court proceedings in order to demand the government's answer sooner, his request is moot given that the government has already filed it. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Second, insofar as Brown asks us to issue the writ in order to expedite the District Court's general adjudication of his habeas petition, we decline to do so. While issuance of the writ may be warranted when district court proceedings are so protracted as to amount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), there is no such protraction here. Cf. id. (holding that eight months of inaction on a motion was insufficient to compel mandamus relief). We remain confident that the District Court will adjudicate Brown's petition in due course.

Accordingly, we will deny the mandamus petition.